■ PAUL BRENNAN et al., Plaintiffs, v R.C. DOLNER, INC., Defendant and Third-Party Plaintiff-Respondent, et al., Defendant. NAVILLUS TILE, INC., Doing Business as NAVILLUS CONTRACTING, INC., Third-Party Defendant-Appellant. (And a Second Third-Party Action.) [789 NYS2d 312]—

In an action to recover damages for personal injuries, etc., the third-party defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), dated August 6, 2003, as denied that branch of its motion which was for summary judgment dismissing the causes of action for contractual indemnification asserted in the third-party complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The third-party defendant failed to demonstrate, prima facie, its entitlement to judgment as a matter of law with regard to the causes of action for contractual indemnification asserted in the third-party complaint (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). Contrary to the third-party defendant's argument, absent a finding of negligence on the part of the third-party plaintiff, the prohibition against indemnifying a contractor for its own negligence in General Obligations Law § 5-322.1 is inapplicable (*see Brown v Two Exch. Plaza Partners,* 76 NY2d 172, 179 [1990]). Here, no finding has yet been made with respect to the third-party plaintiff's fault, if any, in the happening of the accident. Thus, an award of summary judgment dismissing the causes of action for contractual indemnification would have been premature (*see Maxwell v Toys "R" Us,* 258 AD2d 630 [1999]).

The third-party defendant's remaining contentions are without merit. Schmidt, J.P., Santucci, Luciano and Rivera, JJ., concur.