■ ROBERT SANTOLIQUIDO et al., Appellants, v ROMAN CATHO-LIC CHURCH OF THE HOLY NAME OF JESUS, Respondent. [830 NYS2d 778]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Oliver, J.), dated October 28, 2005, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The injured plaintiff allegedly slipped and fell on ice on the sidewalk of the defendant's premises at approximately 7:40 A.M. According to the injured plaintiff, he did not see the icy condition, which he described as black ice, before he fell. The defendant's custodian testified at his deposition that he subsequently arrived at the accident scene and that the icy condition on the ground was visible and different from the dry area of the sidewalk.

Snow fell a day or two before the accident, and the custodian performed snow removal work on the sidewalk the day before the accident. When he inspected the sidewalk at about noon, before he left that day, the sidewalk was free of snow and ice. On the day of the accident, the custodian arrived at the premises about an hour before the accident. He parked his vehicle towards the end of the chapel, and he did not notice any icy condition on the sidewalk leading to the side entrance. He noticed that an icy condition had formed on the steps of the side entrance and he remedied the condition. He stated that the icy condition had developed from snow which had melted from the roof. The custodian did not inspect the rest of the sidewalk along the chapel. Instead, he proceeded to clean the chapel. The custodian stated that the icy condition which had caused the injured plaintiff to fall must have developed when snow from the adjacent grass area melted and the snow melt refroze on the sidewalk.

A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (see *Britto v Great Atl. & Pac. Tea Co., Inc.,* 21 AD3d 436 [2005]; *Joachim v 1824 Church Ave., Inc.,* 12 AD3d 409, 410 [2004]). Only after the defendant has

satisfied this threshold burden will the court examine the sufficiency of the plaintiff's opposition (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; *Joachim v 1824 Church Ave., supra*). Under the circumstances, the defendant failed to meet its initial burden as the movant, and the Supreme Court should have denied its motion (*see Winegrad v New York Univ. Med. Ctr., supra*). Schmidt, J.P., Rivera, Covello and Balkin, JJ., concur.