■ Mei Xiao Guo, Respondent-Appellant, v Quong Big Realty Corp., Appellant-Respondent. [916 NYS2d 155]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated January 27, 2010, as denied its motion for summary judgment dismissing the complaint, and the plaintiff cross-appeals from the same order.

Ordered that the cross appeal is dismissed as abandoned (*see* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it did not create the hazardous condition that allegedly

caused the fall, and did not have actual or constructive notice of that condition for a sufficient length of time to discover and remedy it (*see Molloy v Waldbaum, Inc.*, 72 AD3d 659, 660 [2010]; *Musachio v Smithtown Cent. School Dist.*, 68 AD3d 949 [2009]; *Holub v Pathmark Stores, Inc.*, 66 AD3d 741, 742 [2009]; *Britto v Great Atl. & Pac. Tea Co., Inc.*, 21 AD3d 436 [2005]). To meet its burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the accident site was last cleaned or inspected prior to the plaintiff's fall (*see Musachio v Smithtown Cent. School Dist.*, 68 AD3d 949 [2009]; *Holub v Pathmark Stores, Inc.*, 66 AD3d at 742; *Britto v Great Atl. & Pac. Tea Co., Inc.*, 21 AD3d at 437).

Here, the defendant failed to sustain its initial burden of demonstrating that it did not have constructive notice of the alleged hazardous condition on the staircase of its building because the deposition testimony of its employee failed to establish when the staircase was last inspected or cleaned on the day of the plaintiff's accident (*see Farrell v Waldbaum's, Inc.*, 73 AD3d 846, 847 [2010]; *Musachio v Smithtown Cent. School Dist.*, 68 AD3d 949 [2009]; *Rodriguez v Hudson View Assoc., LLC*, 63 AD3d 1135, 1136 [2009]; *Britto v Great Atl. & Pac. Tea Co., Inc.*, 21 AD3d at 437; *Joachim v 1824 Church Ave., Inc.*, 12 AD3d 409, 410 [2004]).

Furthermore, contrary to the defendant's contention, the fact that the alleged hazardous condition on the staircase was open and obvious does not preclude a finding of liability against it for its alleged failure to maintain its premises in a reasonably safe condition, but rather, raises an issue of fact concerning the plaintiff's possible comparative fault (*see Bradley v DiPaterio Mgt. Corp.*, 78 AD3d 1096 [2010]; *DiVietro v Gould Palisades Corp.*, 4 AD3d 324, 325 [2004]; *Cupo v Karfunkel*, 1 AD3d 48, 52 [2003]).

Accordingly, the defendant's motion for summary judgment dismissing the complaint was properly denied regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 852 [1985]; *Molloy v Waldbaum, Inc.*, 72 AD3d at 660; *Rodriguez v Hudson View Assoc., LLC*, 63 AD3d at 1136). Florio, J.P., Eng, Belen and Austin, JJ., concur.