■ Brandi Denardo, Appellant, v Michael Ziatyk et al., Respondents. [943 NYS2d 591]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (O. Bellantoni, J.), entered March 29, 2011, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The plaintiff, a United States Postal Service mail carrier, al-

legedly slipped and fell on snow and ice on the defendants' driveway as she attempted to exit the property. An icy snowstorm had occurred three days prior to the date of the incident. There was a walkway and steps leading to the defendants' front entrance where mail was to be dropped off. The defendant Lynn Ziatyk testified at her deposition that she had cleared all snow and ice from the walkway and steps, and partially shoveled the driveway on the date of the incident with the help of her neighbor. The plaintiff testified that there was snow and ice all over the defendants' property, and that, at the time of the accident, it did not appear as if anyone had engaged in snow removal work. The plaintiff traversed the walkway and steps leading to the front entrance to deliver the mail, but she walked across the lawn and down the driveway to leave the property. She was about six feet away from the end of the driveway when she allegedly fell on snow and ice.

A property owner may be held liable for a slip-and-fall accident involving snow and ice on its property only when it created the dangerous condition which caused the accident or had actual or constructive notice thereof (*see Medina v La Fiura Dev. Corp.*, 69 AD3d 686 [2010]; *Olivieri v GM Realty Co., LLC*, 37 AD3d 569 [2007]). Here, the defendants failed to establish, prima facie, that they did not create or have actual or constructive notice of the alleged hazardous condition that caused the plaintiff to fall (*see Medina v La Fiura Dev. Corp.*, 69 AD3d 686 [2010]; *Bergen v Carlin*, 297 AD2d 692 [2002]). Contrary to the defendants' contention, the evidence did not demonstrate, prima facie, that the plaintiff's conduct of traversing the driveway instead of the walkway and steps to leave the property was the sole proximate cause of the accident (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308 [1980]; *Ettari v 30 Rampasture Owners, Inc.*, 15 AD3d 611 [2005]). Since the defendants failed to meet their initial burden, the Supreme Court should have denied their motion for summary judgment dismissing the complaint, irrespective of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Dillon, J.P., Balkin, Eng and Chambers, JJ., concur.