■ Sabrina Oliveri, Appellant, v Vassar Brothers Hospital, Respondent. [943 NYS2d 604]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Orange County (Bartlett, J.), dated January 25, 2011, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiff allegedly was injured when she slipped and fell while departing from the defendant hospital following a visit she made to her grandmother, who was a patient there. According to the plaintiff's deposition testimony, there were two vestibules which allowed for access to the hospital lobby, and the vestibule she traversed when she entered the hospital at approximately 1:00 P.M. was different from the one she used when she attempted to leave the hospital at approximately 2:00 P.M. There are two sets of automatic doors serving each vestibule, there is one set of exterior doors that opens to outdoor cement walkways, and there is one set of interior doors that opens into the lobby. Although it had not snowed on the day of the plaintiff's accident, there was snow still on the ground from a prior snowfall, and the outdoor cement walkways leading to the vestibules were wet from melted snow. The plaintiff further testified at her deposition that the vestibules had tile floors, and that there was a mat in the vestibule where she fell that covered approximately 75% of its tile floor. She explained that she slipped while walking after she had passed through the set of interior doors, and after having almost completely traversed over the mat. Specifically, the plaintiff asserted that she slipped when she reached the end of the mat prior to reaching the exterior doors. The plaintiff further explained that, while her left foot was still on the mat, she slipped as she stepped with her right foot on to a portion of the tile floor that was not covered by the mat, causing her to fall forward and onto the tile floor, striking her left side. She first became aware of the wet tile floor when she felt that her clothes were wet after she had fallen on the floor and was lying there. The plaintiff commenced this action against the defendant to recover damages for her personal injuries. The defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the motion. The plaintiff appeals, and we reverse.

" 'To demonstrate its entitlement to summary judgment in a slip-and-fall case, a defendant must establish, prima facie, that it did not create the condition that allegedly caused the fall, and

did not have actual or constructive notice of that condition for a sufficient length of time to remedy it' " (*Cummins v New York Methodist Hosp.*, 85 AD3d 1082, 1083 [2011], quoting *Molloy v Waldbaum, Inc.*, 72 AD3d 659, 659-660 [2010]; *see Milano v Staten Is. Univ. Hosp.*, 73 AD3d 1141 [2010]). "To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (*Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598, 598-599 [2008]; *see Mei Xiao Guo v Quong Big Realty Corp.*, 81 AD3d 610, 611 [2011]).

In support of its motion, the defendant relied upon, inter alia, the deposition testimony of its Director of Engineering. His department was in charge of, inter alia, cleaning and maintaining the vestibule where the accident occurred, as well as the outdoor walkways. At his deposition, the Director of Engineering admitted that he did not know if anybody from his department had cleaned or inspected the vestibule where the plaintiff fell, or the outdoor walkway connected thereto, at any time during the day prior to the plaintiff's accident. Also, in reviewing his work orders, he acknowledged that there was no specific entry for work done in that area on that date either. Accordingly, the defendant failed to establish, prima facie, that it did not have constructive notice of the condition that allegedly caused the plaintiff's fall, as it failed to proffer any evidence to establish when the area in question was last inspected or cleaned relative to the time when the plaintiff fell (*see Britto v Great Atl. & Pac. Tea Co., Inc.*, 21 AD3d 436, 437 [2005]).

As the defendant failed to meet its prima facie burden, it is not necessary to consider the sufficiency of the plaintiff's opposition papers (*see Cummins v New York Methodist Hosp.*, 85 AD3d at 1083). Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Florio, Chambers and Cohen, JJ., concur.