In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Taylor, J.), entered December 21, 2011, which granted the defendants’ motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
A real property owner or a party in possession or control of real property will be held liable for injuries sustained in a slip- and-fall accident involving snow and ice on its property only when it created the alleged dangerous condition or had actual or constructive notice of it (see Denardo v Ziatyk, 95 AD3d 929 [2012]; Flores v BAJ Holding Corp., 94 AD3d 945 [2012]; Cantwell v Fox Hill Community Assn., Inc., 87 AD3d 1106 *670 [2011]; Crosthwaite v Acadia Realty Trust, 62 AD3d 823 [2009]). Thus, a defendant who moves for summary judgment in a slip- and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (see Santoliquido v Roman Catholic Church of Holy Name of Jesus, 37 AD3d 815, 815-816 [2007]). Here, the defendants met this burden by submitting evidence sufficient to demonstrate that they did not create or have actual or constructive notice of the icy condition that allegedly caused the plaintiff to fall in their driveway (see Cantwell v Fox Hill Community Assn., Inc., 87 AD3d 1106 [2011]; Robinson v Trade Link Am., 39 AD3d 616 [2007]; Murphy v 136 N. Blvd. Assoc., 304 AD2d 540 [2003]; see e.g. Carpenter v J. Giardino, LLC, 81 AD3d 1231 [2011]; Smith v State of New York, 260 AD2d 819 [1999]).
The plaintiffs contention that the defendants did not meet their burden because they failed to establish, prima facie, a lack of constructive notice of the icy condition that allegedly caused him to fall in their driveway, is without merit. “A defendant who has actual knowledge of an ongoing and recurring dangerous condition can be charged with constructive notice of each specific reoccurrence of the condition” (Osorio v Wendell Terrace Owners Corp., 276 AB2d 540, 540 [2000]). Here, as the plaintiff noted, in support of their motion for summary judgment, the defendants submitted deposition testimony establishing that they were aware that water would flow from their gutter and freeze in front of their home. However, the defendants’ general awareness of this recurring condition was insufficient to establish their constructive notice of the specific icy condition on their driveway that allegedly caused the plaintiff to fall (see Solazzo v New York City Tr. Auth., 6 NY3d 734, 735 [2005]; Piacquadio v Recine Realty Corp., 84 NY2d 967, 969 [1994]; Pinto v Metropolitan Opera, 61 AD3d 949 [2009]; Arrufat v City of New York, 45 AD3d 710 [2007]).
In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court correctly granted the defendants’ motion for summary judgment dismissing the complaint. Mastro, J.P., Balkin, Hall and Austin, JJ., concur.