■ AMBROZINE DHU, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [989 NYS2d 342]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Saitta, J.), dated January 17, 2013, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

A real property owner or a party in possession or control of real property will be held liable for injuries sustained in a slip-and-fall accident involving snow and ice on its property only when it created the alleged dangerous condition or had actual or constructive notice of it (*see Cruz v Rampersad*, 110 AD3d 669 [2013]; *Denardo v Ziatyk*, 95 AD3d 929 [2012]; *Flores v BAJ Holding Corp.*, 94 AD3d 945 [2012]; *Cantwell v Fox Hill Community Assn., Inc.*, 87 AD3d 1106 [2011]; *Crosthwaite v Acadia Realty Trust*, 62 AD3d 823 [2009]). Thus, a defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Cruz v Rampersad*, 110 AD3d at 670; *Santoliquido v Roman Catholic Church of Holy Name of Jesus*, 37 AD3d 815, 815-816 [2007]). "To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (*Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598, 598-599 [2008]; *see Oliveri v Vassar Bros. Hosp.*, 95 AD3d 973 [2012]; *Mei Xiao Guo v Quong Big Realty Corp.*, 81 AD3d 610, 611 [2011]).

Here, contrary to the defendant's contentions on appeal, it failed to establish that it lacked constructive notice of a large layer of ice which allegedly caused the plaintiff to slip and fall in the defendant's parking lot (*see Feola v City of New York*, 102 AD3d 827, 828 [2013]; *Taylor v Rochdale Vil., Inc.*, 60 AD3d 930, 931-932 [2009]). At a hearing held pursuant to General Municipal Law § 50-h, and at her deposition, the plaintiff testified that she had observed the ice condition the evening before the accident when she parked her car in the parking lot. In support of its motion, the defendant failed to establish that ice was not present when it last inspected or cleaned the area (*see Birnbaum v New York Racing Assn., Inc.*, 57 AD3d at 598-599). Furthermore, the defendant failed to eliminate all triable issues of fact as to whether the large layer of ice upon which the plaintiff allegedly slipped was created by the defendant's snow removal efforts in the days prior to the accident (*see San Marco v Village/Town of Mount Kisco*, 16 NY3d 111, 118 [2010]).

Since the defendant failed to establish its prima facie entitlement to judgment as a matter of law, it is unnecessary to consider whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see*

*Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *see also Feola v City of New York*, 102 AD3d at 828).

Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. Skelos, J.P., Chambers, Lott and Duffy, JJ., concur.