■ CAROL HECK, Appellant, v ARTHUR REGULA, Respondent. [997 NYS2d 702]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Pagones, J.), dated February 10, 2014, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and

the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiff allegedly slipped and fell on a patch of ice located in the vestibule area of the laundry room within an apartment complex owned by the defendant.

A real property owner or a party in possession or control of real property will be held liable for injuries sustained in a slip-and-fall accident involving snow and ice on its property only when it created the dangerous condition or had actual or constructive notice of it (*see Dhu v New York City Hous. Auth.*, 119 AD3d 728, 729 [2014]; *Cruz v Rampersad*, 110 AD3d 669 [2013]; *Cantwell v Fox Hill Community Assn., Inc.*, 87 AD3d 1106 [2011]). Thus, a defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the dangerous condition, nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Dhu v New York City Hous. Auth.*, 119 AD3d at 729; *Cruz v Rampersad*, 110 AD3d at 670). "To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (*Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598, 598-599 [2008]; *see Dhu v New York City Hous. Auth.*, 119 AD3d at 729; *Oliveri v Vassar Bros. Hosp.*, 95 AD3d 973, 975 [2012]; *Mei Xiao Guo v Quong Big Realty Corp.*, 81 AD3d 610, 611 [2011]).

Here, the defendant failed to satisfy his initial burden. The defendant's deposition testimony merely referred to his general practice of going to the laundry room about once a week, or perhaps more in the cold weather. The defendant tendered no evidence as to when the area in question was last inspected before the time when the plaintiff allegedly fell (*see Oliveri v Vassar Bros. Hosp.*, 95 AD3d at 975; *Mei Xiao Guo v Quong Big Realty Corp.*, 81 AD3d at 611).

As the defendant failed to meet his prima facie burden, it is not necessary to consider the sufficiency of the plaintiff's opposition papers (*see Oliveri v Vassar Bros. Hosp.*, 95 AD3d at 975). Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Hinds-Radix, Duffy and LaSalle, JJ., concur.