■ TARVONA SMITH, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [1 NYS3d 296]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (James J. Golia, J.), entered August 20, 2013, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

A real property owner or a party in possession or control of real property will be held liable for injuries sustained in a slip-and-fall accident involving snow and ice on its property only when it created the alleged dangerous condition or had actual or constructive notice of it (*see Dhu v New York City Hous. Auth.*, 119 AD3d 728, 729 [2014]; *Cruz v Rampersad*, 110 AD3d 669, 670 [2013]; *Denardo v Ziatyk*, 95 AD3d 929, 930 [2012]). Thus, a defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing, inter alia, that it did not create the alleged hazardous condition (*see Dhu v New York City Hous. Auth.*, 119 AD3d at 729; *Cruz v Rampersad*, 110 AD3d at 670; *Santoliquido v Roman Catholic Church of Holy Name of Jesus*, 37 AD3d 815, 815-816 [2007]).

In support of its motion, the defendant failed to eliminate all triable issues of fact as to whether the patch of black ice upon which the plaintiff allegedly slipped and fell was created by its snow removal efforts in the days prior to the accident (*see San*

*Marco v Village/Town of Mount Kisco*, 16 NY3d 111, 118 [2010]; *Dhu v New York City Hous. Auth.*, 119 AD3d at 729). Since the defendant failed to establish its prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied the defendant's motion for summary judgment without regard to the sufficiency of the plaintiff's papers submitted in opposition thereto (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

There is no merit to the alternate ground for affirmance advanced by the defendant, which concerned the sufficiency of the plaintiff's notice of claim. Rivera, J.P., Leventhal, Chambers and Sgroi, JJ., concur.