■ DOMENICO SARTORI, Respondent, v JP MORGAN CHASE BANK, NATIONAL ASSOCIATION, et al., Defendants, PARK & SHOP, INC., et al., Respondents, and BAN DO INTERNATIONAL, INC., Appellant. (And a Third-Party Action.) [7 NYS3d 548]—

In an action to recover damages for personal injuries, the defendant Ban Do International, Inc., appeals from an order of the Supreme Court, Queens County (Pineda-Kirwan, J.), dated March 28, 2014, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed, with one bill of costs payable to the plaintiff and the defendants Park & Shop, Inc., and John Peshkin, appearing separately and filing separate briefs.

The plaintiff allegedly slipped and fell on a patch of ice on the sidewalk adjacent to the rear of a clothing store owned by the defendant Ban Do International, Inc. (hereinafter Ban Do), which rented space in a shopping center pursuant to a lease with the landlord, the defendant Park & Shop, Inc. Ban Do moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

A party in possession or control of real property will be held liable for injuries sustained in a slip-and-fall accident on the property only when it created the alleged dangerous condition or had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (see Smith v New York City Hous. Auth., 124 AD3d 625 [2015]; Heck v Regula, 123 AD3d 665 [2014]; Dhu v New York City Hous. Auth., 119 AD3d 728 [2014]; Cruz v Rampersad, 110 AD3d 669 [2013]; Denardo v Ziatyk, 95 AD3d 929, 930 [2012]). To meet its prima facie burden with respect to the issue of the lack of constructive notice, a defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time of the accident (see Heck v Regula, 123 AD3d at 665; Mei Xiao Guo v Quong Big Realty Corp., 81 AD3d 610, 611 [2011]; Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598-599 [2008]).

In support of its motion, Ban Do failed to demonstrate its prima facie entitlement to judgment as a matter of law. The lease in effect at the time of the accident, in particular, sec-

1158

tions 6.2 (b) (2) and (6) thereof, required Ban Do to maintain the walkway at the rear of its clothing store free from snow and ice. Moreover, Ban Do's contention that the plaintiff did not know what caused him to slip and fall is without merit, since the plaintiff clearly testified at his deposition that he slipped and fell as a result of a patch of ice that was on the walkway at the rear entrance to Ban Do's store.

In addition, Ban Do failed to make a prima facie showing that it lacked constructive notice of the ice condition alleged by the plaintiff. Ban Do failed to present evidence establishing when it had last cleaned or inspected the area of the walkway where the plaintiff slipped and fell, relative to the time of the accident (*see Garcia-Monsalve v Wellington Leasing, L.P.*, 123 AD3d 1085 [2014]). The affidavit of Ban Do's principal established nothing more than Ban Do's general cleaning practices in relation to the walkway at the rear entrance to its store, which was insufficient to demonstrate that it lacked constructive notice of the ice condition on which the plaintiff allegedly slipped and fell (*see Mahoney v AMC Entertainment, Inc.*, 103 AD3d 855 [2013]; *Goodyear v Putnam/Northern Westchester Bd. of Coop. Educ. Servs.*, 86 AD3d 551 [2011]; *Schiano v Mijul, Inc.*, 79 AD3d 726, 726-727 [2010]; *Birnbaum v New York Racing Assn., Inc.*, 57 AD3d at 598-599). Since the evidence submitted in support of Ban Do's motion did not establish its prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied its motion without regard to the sufficiency of the papers submitted in opposition thereto (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Goodyear v Putnam/Northern Westchester Bd. of Coop. Educ. Servs.*, 86 AD3d at 552).

We decline the request of the nonappealing defendant Park & Shop, Inc., to search the record and award relief to it with respect to its contractual indemnification claim against Ban Do. Chambers, J.P., Dickerson, LaSalle and Barros, JJ., concur.