■ RONG WEN WU, Appellant, v MARC V. ARNIOTES et al., Respondents. (And a Third-Party Action.) [50 NYS3d 563]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Jimenez-Salta, J.), dated October 5, 2015, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

On January 11, 2011, the plaintiff allegedly slipped and fell due to an ice condition on the sidewalk adjacent to property located in Brooklyn. At the time of the subject accident, the defendants owned the property at abutting the sidewalk where the accident occurred. After the plaintiff commenced this action against the defendants to recover damages for personal injuries, the defendants moved for summary judgment dismiss-

ing the complaint. The Supreme Court granted the motion, and the plaintiff appeals.

A real property owner or a party in possession or control of real property will be held liable for injuries sustained in a slip-and-fall accident involving snow and ice on its property only when it created the allegedly dangerous condition or had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Smith v New York City Hous. Auth.*, 124 AD3d 625 [2015]; *Heck v Regula*, 123 AD3d 665 [2014]; *Dhu v New York City Hous. Auth.*, 119 AD3d 728 [2014]; *Cruz v Rampersad*, 110 AD3d 669 [2013]; *Denardo v Ziatyk*, 95 AD3d 929, 930 [2012]). A defendant has constructive notice of a defect when the defect is visible and apparent and existed for a sufficient length of time before the accident such that it could have been discovered and corrected (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]). To meet its prima facie burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell (*see Heck v Regula*, 123 AD3d at 665; *Mei Xiao Guo v Quong Big Realty Corp.*, 81 AD3d 610, 611 [2011]; *Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598, 598-599 [2008]). Reference to general cleaning practices is insufficient to establish a lack of constructive notice in the absence of evidence regarding specific cleaning or inspection of the area in question (*see Garcia-Monsalve v Wellington Leasing, L.P.*, 123 AD3d 1085 [2014]; *Rodriguez v Shoprite Supermarkets, Inc.*, 119 AD3d 923 [2014]; *Rogers v Bloomingdale's, Inc.*, 117 AD3d 933 [2014]; *Goodyear v Putnam/ Northern Westchester Bd. of Coop. Educ. Servs.*, 86 AD3d 551 [2011]; *Schiano v Mijul, Inc.*, 79 AD3d 726, 726-727 [2010]).

Here, in support of their motion, the defendants failed to eliminate all triable issues of fact as to whether the snow removal efforts of the defendant Marc V. Antiones preceding the subject accident created the ice condition upon which the plaintiff allegedly fell (*see Lindquist v Scarfogliero*, 129 AD3d 789 [2015]; *Smith v New York City Hous. Auth.*, 124 AD3d 625 [2015]; *Dhu v New York City Hous. Auth.*, 119 AD3d 728 [2014]; *Viera v Rymdzionek*, 112 AD3d 915 [2013]; *Braun v Weissman*, 68 AD3d 797 [2009]). Moreover, the defendants failed to demonstrate a lack of constructive notice of the ice condition alleged. While the defendants demonstrated a lack of actual notice of the ice condition alleged, the evidence submitted in support of their motion did not show when the area of the sidewalk where the subject accident occurred was last inspected

in relation to when the subject accident occurred (*see Giantomaso v T. Weiss Realty Corp.*, 142 AD3d 950, 952 [2016]; *James v Orion Condo-350 W. 42nd St., LLC*, 138 AD3d 927 [2016]; *Rogers v Bloomingdale's, Inc.*, 117 AD3d 933 [2014]; *Herman v Lifeplex, LLC*, 106 AD3d 1050 [2013]; *Mahoney v AMC Entertainment, Inc.*, 103 AD3d 855, 856 [2013]; *Baines v G&D Ventures, Inc.*, 64 AD3d 528 [2009]). Since the defendants did not establish their prima facie entitlement to judgment as a matter of law, it is unnecessary to consider the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Hall, J.P., Miller, Connolly and Brathwaite Nelson, JJ., concur.