Soloveychik v Sea Isle Owners, Inc. (2018 NY Slip Op 02494)





Soloveychik v Sea Isle Owners, Inc.


2018 NY Slip Op 02494


Decided on April 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2017-04109
 (Index No. 501424/14)

[*1]Marina Soloveychik, respondent,
v Sea Isle Owners, Inc., appellant.


Vincent D. McNamara, East Norwich, NY (Anthony Marino of counsel), for appellant.
Law Office of Yuriy Prakhin, P.C., Brooklyn, NY (Sandra Beron of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated April 6, 2017. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On January 31, 2014, the plaintiff allegedly slipped and fell on an ice condition on the sidewalk abutting the defendant's apartment building in Brooklyn. According to the plaintiff, her parents resided in the building, and she was bringing her father home when the incident occurred. The plaintiff testified at her deposition that she parked her vehicle on the street in front of the building and that she had to step over a pile of snow to reach the sidewalk from the street. She also testified that there were patches of snow and ice and lumps of ice scattered across the sidewalk. The plaintiff assisted her father in traversing the sidewalk to enter the main entrance of the building without incident. According to her deposition testimony, she slipped and fell on an ice condition as she walked back across the sidewalk to her vehicle.
Thereafter, the plaintiff commenced this action against the defendant to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint, contending that it neither created the alleged ice condition nor had actual or constructive notice of it. The Supreme Court denied the motion, and the defendant appeals.
Pursuant to Administrative Code of the City of New York § 7-210, the defendant had a duty to maintain the sidewalk abutting its premises (see Gyokchyan v City of New York, 106 AD3d 780, 780-781). Hence, on its motion for summary judgment, the defendant had the burden of establishing, prima facie, that it neither created the alleged ice condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (see Smith v New York City Hous. Auth., 124 AD3d 625; Dhu v New York City Hous. Auth., 119 AD3d 728; Cruz v Rampersad, 110 AD3d 669; Denardo v Ziatyk, 95 AD3d 929, 930).
In support of its motion, the defendant submitted, inter alia, the deposition testimony [*2]of the plaintiff and the superintendent of its building. The plaintiff testified that no precipitation was falling at the time of the incident, and neither her testimony nor that of the superintendent established when it last snowed prior to the incident or what the weather conditions were in the hours and days preceding the incident. The defendant did not submit any evidence as to when the superintendent or a member of his staff last removed snow and ice from the sidewalk prior to the incident, or what the sidewalk looked like after the superintendent or a member of his staff performed that work. Additionally, the defendant did not submit any evidence as to when the sidewalk was last inspected prior to the incident. In that regard, the superintendent only testified about the building's general sidewalk maintenance practices, including its snow and ice removal policy. Under the circumstances, the defendant failed to eliminate all triable issues of fact as to whether it created the alleged ice condition or had actual or constructive notice of it (see Rong Wen Wu v Arniotes, 149 AD3d 786, 787; Dhu v New York City Hous. Auth., 119 AD3d 728). Since the defendant failed to meet its initial burden as the movant, it is not necessary to review the sufficiency of the plaintiff's opposition papers.
Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint.
CHAMBERS, J.P., HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court