Wilson v Nassau Univ. Med. Ctr. (2018 NY Slip Op 07171)





Wilson v Nassau Univ. Med. Ctr.


2018 NY Slip Op 07171


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
HECTOR D. LASALLE
BETSY BARROS, JJ.


2016-08835
 (Index No. 9484/13)

[*1]Pandora Wilson, respondent, 
v
Nassau University Medical Center, et al., defendants third-party plaintiffs-respondents-appellants; Melville Snow Contractors, Inc., third-party defendant-appellant- respondent.


Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Michael Reagan of counsel), for third-party defendant-appellant-respondent.
Montfort, Healy, McGuire & Salley LLP, Garden City, NY (Donald S. Neumann, Jr., and Michael Boranian of counsel), for defendants third-party plaintiffs-respondents-appellants.
Silbowitz, Garafola, Silbowitz, Schatz & Frederick, LLP, New York, NY (Mitchell Silbowitz of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the third-party defendant appeals, and the defendants third-party plaintiffs cross-appeal, from an order of the Supreme Court, Nassau County (Anthony L. Parga, J.), entered June 27, 2016. The order, insofar as appealed from, denied that branch of the third-party defendant's motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification. The order, insofar as cross-appealed from, denied the defendants third-party plaintiffs' motion for summary judgment dismissing the complaint and granted that branch of the third-party defendant's motion which was for summary judgment dismissing the third-party cause of action for common-law indemnification.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the plaintiff, payable by the defendants third-party plaintiffs.
The plaintiff allegedly sustained personal injuries when she slipped and fell on black ice in the parking lot of Nassau University Medical Center at approximately 6:55 a.m. on February 11, 2013, when she was on her way to work. She commenced this personal injury action against the defendants, Nassau University Medical Center and Nassau Health Care Corporation. The defendants in turn commenced a third-party action against Melville Snow Contractors, Inc. (hereinafter Melville), the contractor the defendants had hired to plow and salt the premises. After the completion of discovery, the defendants moved for summary judgment dismissing the complaint, and Melville moved, inter alia, for summary judgment dismissing the third-party complaint. The Supreme Court denied the defendants' motion for summary judgment dismissing the complaint. The court granted that branch of Melville's motion which was for summary judgment dismissing the third-party cause of action for common-law indemnification and denied that branch of Melville's [*2]motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification. Melville appeals, and the defendants cross-appeal.
"A property owner will be held liable for a slip-and-fall accident involving snow and ice on its property only when it created the dangerous condition which caused the accident or had actual or constructive notice of its existence" (Cuillo v Fairfield Prop. Servs. L.P., 112 AD3d 777, 788). Accordingly, a property owner seeking summary judgment in a slip-and-fall case "has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (Castillo v Silvercrest, 134 AD3d 977, 977).
On their motion for summary judgment, the defendants failed to meet their burden of eliminating all triable issues of fact as to whether the alleged dangerous condition was created by their snow removal efforts prior to the accident (see Smith v New York City Hous. Auth., 124 AD3d 625, 625). Since the defendants failed to meet their burden, we agree with the Supreme Court's determination to deny their motion for summary judgment dismissing the complaint (see id.; see also Alvarez v Prospect Hosp., 68 NY2d 320).
On its motion for summary judgment, Melville failed to establish its prima facie entitlement to judgment as a matter of law dismissing the third-party cause of action for contractual indemnification. Specifically, Melville failed to establish, prima facie, that it was free from negligence in creating the black ice condition or that the defendants were negligent in creating the condition (see Dautaj v Alliance El. Co., 110 AD3d 839, 841; Robles v Bruhns, 99 AD3d 980, 982; Brennan v R.C. Dolner, Inc., 14 AD3d 639, 639; cf. Castillo v Port Auth. of N.Y. & N.J., 159 AD3d 792, 795-796; Morris v Home Depot USA, 152 AD3d 669, 672-673; Tingling v C.I.N.H.R., Inc., 120 AD3d 570, 571). Accordingly, we agree with the Supreme Court's determination to deny that branch of Melville's motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification.
We also agree with the Supreme Court's determination to grant that branch of Melville's motion which was for summary judgment dismissing the third-party cause of action for common-law indemnification. Melville established, prima facie, that the plaintiff's injuries were not caused by Melville's negligence in the performance of an act that was solely within Melville's province. In opposition, the defendants failed to raise a triable issue of fact (see Konsky v Escada Hair Salon, Inc., 113 AD3d 656, 657-658; cf. Abramowitz v Home Depot USA, Inc., 79 AD3d 675, 677).
The defendants' and Melville's remaining contentions are without merit.
BALKIN, J.P., SGROI, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court