Branciforte v 2248 Thirty First St., LLC (2019 NY Slip Op 02845)





Branciforte v 2248 Thirty First St., LLC


2019 NY Slip Op 02845


Decided on April 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY, JJ.


2017-12308
 (Index No. 2263/14)

[*1]Robert Branciforte, etc., appellant,
v
2248 Thirty First Street, LLC, et al., respondents (and a third-party action).


Sacco & Fillas, LLP, Astoria, NY (James R. Baez of counsel), for appellant.
Stonberg Moran, LLP, New York, NY (Kristyn M. Boyd of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered October 12, 2017. The order, insofar as appealed from, granted the defendants' motion for summary judgment dismissing the amended complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion for summary judgment dismissing the amended complaint is denied.
On December 13, 2013, Pilar Branciforte allegedly slipped and fell on ice on the sidewalk abutting a McDonald's restaurant in Queens. It is undisputed that at the time of the accident, the premises were managed by the defendant Solil Management, LLC (hereinafter Solil), owned by the defendant 2248 Thirty First Street, LLC (hereinafter 2248), and leased to the defendant PCM Properties, Inc. (hereinafter PCM) (hereinafter collectively the defendants), who operated the premises as a McDonald's restaurant. Pilar commenced this action to recover damages for the injuries she allegedly sustained. During the pendency of the action, Pilar died, and Robert Branciforte was appointed executor of Pilar's estate and was substituted in place of Pilar as the plaintiff.
The defendants moved for summary judgment dismissing the amended complaint on the grounds, among others, that they did not create the alleged icy condition or have actual or constructive notice of the condition. The Supreme Court, among other things, granted the defendants' motion. The plaintiff appeals.
Administrative Code of the City of New York § 7-210 imposes a nondelegable duty on a property owner to maintain and repair the sidewalk abutting its property, and specifically imposes liability upon certain property owners for injuries resulting from a violation of the code provision (see Hsu v City of New York, 145 AD3d 759; Zorin v City of New York, 137 AD3d 1116, 1117). "In the absence of a statute or ordinance imposing tort liability on the lessee, it can be held liable only if it, or someone on its behalf, undertook snow and ice removal efforts which made the naturally-occurring conditions more hazardous" (Schron v Jean's Fine Wine & Spirits, Inc., 114 [*2]AD3d at 660-661; see Bleich v Metropolitan Mgt., LLC, 132 AD3d at 935; Forlenza v Miglio, 130 AD3d at 568; Ferguson v Shu Ham Lam, 74 AD3d 870, 871; Robles v City of New York, 56 AD3d 647, 647-648; Bruzzo v County of Nassau, 50 AD3d at 721-722).
Here, there was no statute or ordinance that imposes tort liability on PCM, as lessee of the premises, for the failure to maintain the sidewalk abutting its leased portion of the premises. However, PCM failed to establish its prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against it by demonstrating that it was free from negligence. PCM failed to eliminate triable issues of fact as to whether it undertook snow and ice removal efforts on the date of the accident to clear the area of the sidewalk where Pilar allegedly slipped and fell, or whether any snow and ice removal efforts undertaken by it created or exacerbated the icy condition that allegedly caused Pilar to fall (see Bleich v Metropolitan Mgt., LLC, 132 AD3d at 935; Forlenza v Miglio, 130 AD3d at 568; see also Robles v City of New York, 56 AD3d at 648; Legoff v 34th St. Partnership, 305 AD2d 552).
2248, as owner of the premises abutting the sidewalk where Pilar allegedly slipped and fell, and Solil, its managing agent, failed to establish, prima facie, that they lacked constructive notice of the alleged icy condition. Section 7-210 of the Administrative Code imposes a nondelegable duty on 2248 to maintain the sidewalk abutting the premises, where Pilar allegedly fell (see Hsu v City of New York, 145 AD3d at 759; Zorin v City of New York, 137 AD3d at 1116). In a premises liability case, a defendant real property owner or a party in possession or control of real property who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the allegedly dangerous or defective condition nor had actual or constructive notice of its existence (see Kyte v Mid-Hudson Wendico, 131 AD3d 452, 452; Pampalone v FBE Van Dam, LLC, 123 AD3d 988). Here, neither 2248 nor Solil established when the subject portion of the sidewalk was last inspected relative to when Pilar slipped and fell (see Torre v Aspen Knolls Estates Home Owners Assn., Inc., 150 AD3d 789, 790; Rong Wen Wu v Arniotes, 149 AD3d 786, 787). Accordingly, 2248 and Solil failed to establish, prima facie, that they did not have constructive notice of the condition that allegedly caused the plaintiff decedent's fall (see Oliveri v Vassar Bros. Hosp., 95 AD3d 973, 975).
The defendants' remaining contention is without merit.
Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied their motion for summary judgment dismissing the amended complaint without regard to the sufficiency of the plaintiff's opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
MASTRO, J.P., ROMAN, COHEN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court