Cohen v Woodlands Condominium Assn. (2020 NY Slip Op 04454)





Cohen v Woodlands Condominium Assn.


2020 NY Slip Op 04454


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2017-05490
 (Index No. 11459/13)

[*1]Beth Cohen, etc., et al., plaintiffs-respondents,
v
Woodlands Condominium Association, defendant third-party plaintiff-respondent-appellant; Lemp Landscapers, Inc., third-party defendant- appellant-respondent.


Cascone & Kluepfel, LLP, Garden City, NY (James K. O'Sullivan and Pamela Wolff Cohen of counsel), for third-party defendant-appellant-respondent.
Vincent D. McNamara, East Norwich, NY (Helen M. Benzie of counsel), for defendant third-party plaintiff-respondent-appellant.
Law Offices of Michael A. Santo, P.C., Bellmore, NY, for plaintiffs-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the third-party defendant appeals, and the defendant third-party plaintiff cross-appeals, from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered April 14, 2017. The order, insofar as appealed from, denied that branch of the motion of the third-party defendant which was for summary judgment dismissing the third-party cause of action for contractual indemnification. The order, insofar as cross-appealed from, denied the motion of the defendant third-party plaintiff for summary judgment dismissing the amended complaint.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiffs, payable by the defendant third-party plaintiff.
On February 13, 2013, at approximately 7:00 a.m., Carla Cohen (hereinafter the decedent) allegedly sustained personal injuries when she slipped and fell on black ice in the parking lot in the condominium complex where she resided. The decedent commenced this personal injury action against Woodlands Condominium Association (hereinafter Woodlands), the owner of the subject parking lot. Woodlands in turn commenced a third-party action against Lemp Landscapers, Inc. (hereinafter Lemp), the contractor it had hired to perform snow removal services for the subject premises. Thereafter, a supplemental summons and amended complaint were filed, adding Lemp as a defendant to the main action.
Following the completion of discovery, Woodlands moved for summary judgment dismissing the amended complaint insofar as asserted against it. Lemp moved for summary judgment dismissing the amended complaint insofar as asserted against it and dismissing the third-party complaint. While the motions were pending, the decedent voluntarily discontinued the action insofar as asserted against Lemp. The Supreme Court, inter alia, denied Woodlands' motion and that branch of Lemp's motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification. Lemp appeals, and Woodlands cross-appeals. During the [*2]pendency of this appeal and cross appeal, the decedent died, and Beth Cohen and Jeffrey Cohen, as joint administrators of her estate, were substituted as plaintiffs.
"A property owner will be held liable for a slip-and-fall accident involving snow and ice on its property only when it created the dangerous condition which caused the accident or had actual or constructive notice of its existence" (Cuillo v Fairfield Prop. Servs., L.P., 112 AD3d 777, 778). Accordingly, a property owner seeking summary judgment in a slip-and-fall case "has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (Castillo v Silvercrest, 134 AD3d 977, 977).
In support of its motion, Woodlands failed to meet its burden of eliminating all triable issues of fact as to whether the alleged dangerous condition was created by its snow removal efforts prior to the accident (see Smith v New York City Hous. Auth., 124 AD3d 625, 625). Since Woodlands failed to meet its burden, we agree with the Supreme Court's determination to deny its motion for summary judgment dismissing the amended complaint (see id.; see also Alvarez v Prospect Hosp., 68 NY2d 320).
On its motion, Lemp failed to establish its prima facie entitlement to judgment as a matter of law dismissing the third-party cause of action for contractual indemnification. Specifically, Lemp failed to establish, prima facie, that it was free from negligence in creating the black ice condition, or that Woodlands was negligent in creating the condition (see Dautaj v Alliance El. Co., 110 AD3d 839, 841; Robles v Bruhns, 99 AD3d 980, 982; Brennan v R.C. Dolner, Inc., 14 AD3d 639, 639). Accordingly, we agree with the Supreme Court's determination to deny that branch of Lemp's motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification.
Lemp's remaining contention is without merit.
SCHEINKMAN, P.J., AUSTIN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court