Guiles v Vassar Bros. Hosp. (2023 NY Slip Op 05593)

Guiles v Vassar Bros. Hosp.

2023 NY Slip Op 05593

Decided on November 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2022-00486
 (Index No. 10530/17)

[*1]Lilias Guiles, et al., plaintiffs, 
v
Vassar Brothers Hospital, et al., defendants third-party plaintiffs-appellants; E & B Parking Services, Inc., third-party defendant, Red Cedar Arborists & Landscaper, Inc., third-party defendant-respondent.

Aaronson Rappaport Feinstein & Deutsch, LLP, New York, NY (Deirdre E. Tracey and David P. Johnson of counsel), for defendants third-party plaintiffs-appellants.
Goldberg Segalla LLP, Buffalo, NY (James M. Specyal of counsel), for third-party defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants third-party plaintiffs appeal from an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated December 22, 2021. The order, insofar as appealed from, granted those branches of the motion of the third-party defendant Red Cedar Arborists & Landscaper, Inc., which were for summary judgment dismissing the causes of action in the third-party complaint for contractual and common-law indemnification insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the third-party defendant Red Cedar Arborists & Landscaper, Inc., which were for summary judgment dismissing the causes of action in the third-party complaint for contractual and common-law indemnification insofar as asserted against it are denied.
On the evening of January 16, 2015, the plaintiff Lilias Guiles (hereinafter the injured plaintiff) allegedly was injured when she slipped and fell on ice in the valet parking area outside the emergency room entrance of Vassar Brothers Hospital. The injured plaintiff, and her husband suing derivatively, commenced this action, inter alia, to recover damages for personal injuries against Vassar Brothers Hospital and Vassar Brothers Hospital Foundation (hereinafter together the defendants). Thereafter, the defendants commenced a third-party action against, among others, Red Cedar Arborists & Landscaper, Inc. (hereinafter Red Cedar). Red Cedar, in a contract dated October 20, 2014, had agreed to provide snow and ice removal services to Vassar Brothers Hospital.
Red Cedar moved, inter alia, for summary judgment dismissing the causes of action in the third-party complaint for contractual and common-law indemnification insofar as asserted against it. In an order dated December 22, 2021, the Supreme Court, among other things, granted those branches of Red Cedar's motion. The defendants appeal.
"'A party's right to contractual indemnification depends upon the specific language of the relevant contract'" (Keller v Rippowam Cisqua School, 208 AD3d 654, 655, quoting Gurewitz [*2]v City of New York, 175 AD3d 658, 664; see Castillo v Port Auth. of N.Y. & N.J., 159 AD3d 792, 796). "The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances" (Khan v 40 Wall Ltd. Partnership, 205 AD3d 789, 791; see McNamara v Gusmar Enters., LLC, 204 AD3d 779, 783). Here, the contract required Red Cedar to indemnify Vassar Brothers Hospital where an injury to a third party arises out of, is incident to, or is in any manner occasioned by Red Cedar's performance or nonperformance of its contractual duties, which included applying salt and conducting ice checks at specified times following snow storms when there was a possibility of melting and refreezing. Since Red Cedar failed to establish, prima facie, that its performance or nonperformance of snow and ice removal services on the date of the accident did not give rise to the injured plaintiff's injuries, the Supreme Court should have denied that branch of Red Cedar's motion which was for summary judgment dismissing the cause of action in the third-party complaint for contractual indemnification insofar as asserted against it regardless of the sufficiency of the opposition papers (see Cohen v Woodlands Condominium Assn., 186 AD3d 558, 560; Castillo v Port Auth. of N.Y & N.J., 159 AD3d at 796; Petersen v Miller Auto Parts, Inc., 151 AD3d 893, 897).
Red Cedar also failed to eliminate all triable issues of fact as to whether the injured plaintiff's accident was not due solely to its negligence or nonperformance of an act solely within its province. Accordingly, the Supreme Court should also have denied that branch of Red Cedar's motion which was for summary judgment dismissing the cause of action in the third-party complaint for common-law indemnification insofar as asserted against it regardless of the sufficiency of the opposition papers (see Randazzo v Consolidated Edison Co. of N.Y., Inc., 177 AD3d 796, 798; Abramowitz v Home Depot USA, Inc., 79 AD3d 675, 677; Foster v Herbert Slepoy Corp., 76 AD3d 210, 216; Baratta v Home Depot USA, 303 AD2d 434, 435).
The parties' remaining contentions are without merit.
BARROS, J.P., MALTESE, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court