Campanale v Towne Plaza Mastic Realty, LLC (2025 NY Slip Op 05494)

Campanale v Towne Plaza Mastic Realty, LLC

2025 NY Slip Op 05494

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
ROBERT J. MILLER
LOURDES M. VENTURA
LAURENCE L. LOVE, JJ.

2024-08895

[*1]Lucille Campanale, plaintiff, 
v
Towne Plaza Mastic Realty, LLC, appellant, Headcutters I, Inc., etc, respondent. (Index. No. 605887/21)

McCabe, Collins, McGeough, Fowler, Levine & Nogan, LLP, Jericho, NY (David T. Fowler of counsel), for appellant.
Devitt Spellman Barrett, LLP, Hauppauge, NY (Christi M. Kunzig of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Towne Plaza Mastic Realty, LLC, appeals from an order of the Supreme Court, Suffolk County (Maureen T. Liccione, J.), dated April 17, 2024. The order, insofar as appealed from, denied that defendant's motion for summary judgment on its cross-claims to recover damages for breach of contract for failure to procure insurance and for contractual indemnification.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In December 2020, the plaintiff allegedly sustained injuries when she slipped and fell on ice on a sidewalk adjacent to a shopping center owned by the defendant Towne Plaza Mastic Realty, LLC (hereinafter Towne Plaza). The portion of the sidewalk where the plaintiff allegedly fell abutted premises occupied by the defendant Headcutters I, Inc. (hereinafter Headcutters), which leased the premises pursuant to a commercial lease agreement with Towne Plaza.
In April 2021, the plaintiff commenced this action against Towne Plaza and Headcutters to recover damages for personal injuries. Following discovery, Towne Plaza moved for summary judgment on its cross-claims against Headcutters to recover damages for breach of contract for failure to procure insurance and for contractual indemnification. In an order dated April 17, 2024, the Supreme Court, inter alia, denied Towne Plaza's motion. Towne Plaza appeals.
"A party seeking summary judgment based on an alleged failure to procure insurance naming that party as an additional insured must demonstrate that a contract provision required that such insurance be procured and that the provision was not complied with" (Breland-Marrow v RXR Realty, LLC, 208 AD3d 627, 629 [internal quotation marks omitted]; see Meadowbrook Pointe Dev. Corp. v F & G Concrete & Brick Indus., Inc., 214 AD3d 965, 969).
Here, the subject lease required Headcutters to procure public liability insurance and name Towne Plaza as an additional insured on its policy. In the event Headcutters failed to do so, the lease authorized Towne Plaza to procure its own liability insurance and charge Headcutters [*2]additional rent in the amount of any premiums Towne Plaza paid. Although Towne Plaza established that Headcutters failed to name Towne Plaza as an additional insured by submitting a letter from Headcutters' insurer stating as much (see DiBuono v Abbey, LLC, 83 AD3d 650, 652), Towne Plaza failed to establish that it declined to exercise its right to procure its own insurance and charge Headcutters additional rent. Thus, Towne Plaza failed to establish, prima facie, that Headcutters breached the lease by failing to obtain insurance naming Towne Plaza as an additional insured (see Ginter v Flushing Terrace, LLC, 121 AD3d 840, 844).
Accordingly, the Supreme Court properly denied that branch of Towne Plaza's motion which was for summary judgment on its cross-claim to recover damages for breach of contract for failure to procure insurance without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Tingling v C.I.N.H.R., Inc., 120 AD3d 570, 571).
"The right to contractual indemnification depends upon the specific language of the contract" (Selis v Town of N. Hempstead, 213 AD3d 878, 879 [internal quotation marks omitted]; see Caracciolo v SHS Ralph, LLC, 226 AD3d 861, 864). "The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances" (Errazuri v E Food Supermarket, Inc., 228 AD3d 732, 734 [internal quotation marks omitted]; see Guiles v Vassar Bros. Hosp., 221 AD3d 666, 667).
Here, Towne Plaza failed to establish its prima facie entitlement to judgment as a matter of law on its cross-claim for contractual indemnification. Among other things, the lease required Headcutters to indemnify Towne Plaza for liabilities incurred "on account of or arising from [Headcutters'] possession, use or occupation of the premises," but it did not specify that the "premises" included the subject portion of sidewalk. However, the lease provided that Towne Plaza was responsible for snow removal in the parking lot and the "Common Area" of the shopping center. Moreover, Towne Plaza's submissions indicated that the plaintiff was not a Headcutters customer and allegedly was injured while on her way to a different store. Thus, Towne Plaza failed to establish, prima facie, that the lease obligated Headcutters to indemnify Towne Plaza for any liability that it might have incurred for the plaintiff's injuries (see Sheinman-Hardes v Main 15 Lee Ltd. Partnership, 235 AD3d 683, 684-685; Errazuri v E Food Supermarket, Inc., 228 AD3d at 734).
Accordingly, the Supreme Court properly denied that branch of Towne Plaza's motion which was for summary judgment on its cross-claim for contractual indemnification without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
GENOVESI, J.P., MILLER, VENTURA and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court