OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, and defendants’ motion for summary judgment denied.
 

 In response to defendants’ motion for summary judgment dismissing the complaint, plaintiff submitted evidentiary proof in admissible form which tended to establish that the decedent had been retained by defendants to paint their lakefront house, that the decedent had been "advised” by defendants to use their rowboat in order to see how the paint job looked from the lake and that life preservers were not readily accessible or even visible on defendants’ premises
 
 (see, Zuckerman v City of New York,
 
 49 NY2d 557, 562). These factual claims, if believed, would justify a fact finder in concluding that defendants had a duty to make flotation devices available to the decedent, that
 
 *989
 
 defendants breached that duty and, finally, that their breach was the proximate cause of the decedent’s drowning. Although Navigation Law § 40 (1) (a) may not have required defendants to keep flotation devices on their boat during periods when it was on land and not in use, a rational trier of fact could conclude, under traditional common-law tort principles, that defendants’ alleged instruction to the decedent made it foreseeable that he would take the boat out into the lake and that, consequently, defendants had an obligation to make life preservers or other similar safety equipment available for the decedent’s use.
 

 That the decedent was a poor swimmer, that he may have consumed some beer before the accident and that he may have showed poor judgment in taking out the rowboat without the necessary safety equipment are all relevant to determining the decedent’s comparative culpability for the fatal accident. Such factors, even if true, do not constitute the kind of unforeseeable or reckless conduct that would be deemed, as a matter of law, to interrupt the causal connection between the negligence ascribed to defendants and the decedent’s injury
 
 (cf., Olsen v Town of Richfield,
 
 81 NY2d 1024;
 
 Boltax v Joy Day Camp,
 
 67 NY2d 617). Accordingly, defendants were not entitled to summary judgment dismissing the complaint.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur in memorandum.
 

 Order reversed, etc.