KHAMUL YISRAEL, Respondent, v CITY OF NEW YORK, Appellant. [832 NYS2d 598]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated November 2, 2005, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiff was jumping rope on a New York City sidewalk when he tripped on a crack in the pavement, thereby sustaining personal injuries. Notably, the plaintiff had noticed the crack before the accident.

The defendant established, prima facie, its entitlement to judgment as a matter of law by showing that the doctrine of primary assumption of risk applied. The doctrine of primary assumption of risk "is a form of measurement of a defendant's duty to a voluntary participant in a sporting activity" (*Manoly v City of New York*, 29 AD3d 649, 649 [2006]; *see Morgan v State of New York*, 90 NY2d 471, 484 [1997]; *Joseph v New York Racing Assn.*, 28 AD3d 105, 108 [2006]). A plaintiff who voluntarily participates in a sporting or recreational activity is deemed to consent to the apparent or reasonably foreseeable consequences of that activity. "This includes those risks associated with the construction of the playing surface and any open and obvious condition on it" (*Welch v Board of Educ. of City of N.Y.*, 272 AD2d 469 [2000]). Since the plaintiff acknowledged at his examination before trial that he had observed the crack in the pavement on occasions before the day of his accident, as well as on the day of his accident, but prior to it, he assumed the risk of the injuries which he sustained in the accident (*see Manoly v City of New York, supra; Joseph v New York Racing Assn., supra*).

In opposition to the defendant's motion, the plaintiff failed to raise a triable issue of fact. Santucci, J.P., Goldstein, Carni and McCarthy, JJ., concur.