■ GERMAN MENDOZA, Appellant, v VILLAGE OF GREENPORT, Respondent, et al., Defendant. [861 NYS2d 738]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), entered March 13, 2007, which granted the motion of the defendant Village of Greenport for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when he tripped in a hole on an outdoor basketball court in a public park owned by the defendant Village of Greenport (hereinafter the defendant). Under the doctrine of primary assumption of risk, "by engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]). "This encompasses risks associated with the construction of the playing field, and any open and obvious conditions on it" (*Paone v County of Suffolk*, 251 AD2d 563, 564 [1998]). The defendant established its prima facie entitlement to summary judgment by demonstrating that the plaintiff was

aware of the hole, but nevertheless continued to play on the court and therefore assumed the risk of injury.

In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's statement in his affidavit that he had not seen the hole prior to his accident was contradicted by his testimony at his deposition and the General Municipal Law § 50-h hearing where he stated that he had. A party cannot create a triable issue of fact by feigning factual issues (*see Joseph v New York Racing Assn.*, 28 AD3d 105 [2006]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it. Prudenti, P.J., Skelos, Covello and Balkin, JJ., concur. [*See* 2007 NY Slip Op 30145(U).]