RICHARD ALVAREZ, Plaintiff, v COLGATE SCAFFOLDING & EQUIPMENT CORP., Appellant, and 170 EAST 77TH REALTY GROUP LLC et al., Respondents. (And Other Actions.) [892 NYS2d 50]—

Issues of fact as to the whether the sidewalk bridge's cross-brace from which plaintiff fell was properly installed precluded summary dismissal (*see Sommer v Federal Signal Corp.*, 79 NY2d 540, 554-555 [1992]). Colgate's principal testified that the bridge was installed properly, that when Colgate oversees an installation the cross-braces are always tightened securely, that construction workers often loosen the bolts and remove the cross-braces to make the transport of materials onto the sidewalk easier, and that no one made any complaints to Colgate about improper installation. This, coupled with plaintiff's testimony that he had observed workers and children sitting and climbing on the cross-braces on numerous occasions prior to his accident, suggesting that the bolt was secure upon installation and that any loosening was caused by third parties at a time when Colgate no longer had responsibility for the bridge, was sufficient to establish prima facie that Colgate neither created nor had actual or constructive notice of the loose bolt on the cross-brace (*see Garcia v Good Home Realty, Inc.*, 67 AD3d 424 [2009]).

However, Colgate's principal conceded that he had not been present on the day of installation. His inability to state with certainty whether the Colgate foreman who usually monitors and inspects sidewalk bridge installations was present on that day to observe whether the bolt was securely tightened, and Colgate's failure to produce any evidence from the actual installer that the installation was performed correctly, further raise questions of fact as to the condition of the cross-brace on the date of installation (*see Velez v 955 Tenants Stockholders, Inc.*, 66 AD3d 1005 [2009]).

Moreover, Colgate's sole proximate cause defense is unavail-

ing. Assuming the bolt was not properly secured at the time of the bridge's installation, the intervening act by plaintiff of sitting on the cross-brace was not so extraordinary or unforeseeable so as to constitute a superseding cause that absolves Colgate of liability (*see generally Kush v City of Buffalo*, 59 NY2d 26, 32-33 [1983]; *cf. Howard v Poseidon Pools*, 72 NY2d 972 [1988]). A jury could easily find, based on plaintiff's testimony that he frequently observed construction workers and the neighborhood children sitting and climbing on the cross-braces, that such activity was a natural and foreseeable consequence of installing the sidewalk bridge. While such activity on plaintiff's part might be relevant to a determination of his comparative negligence, it would not break the chain of causation stemming from Colgate's possibly improper installation of the bridge (*see Butler v Seitelman*, 90 NY2d 987 [1997]).

Finally, plaintiff's sitting on the cross-brace did not assume any risk that would negate a duty otherwise owed by Colgate (*cf. Turcotte v Fell*, 68 NY2d 432, 437-439 [1986]; *Roberts v Boys & Girls Republic, Inc.*, 51 AD3d 246 [2008], *affd* 10 NY3d 889 [2008]). The risk plaintiff assumed was of losing his balance and falling from a securely fastened cross-brace, not falling from a cross-brace that was not securely bolted to the frame. As plaintiff testified that he had no knowledge or awareness that the cross-brace in question was loose at the time he sat on it, he cannot be charged with having assumed an open and obvious risk (*cf. Mendoza v Village of Greenport*, 52 AD3d 788, 789 [2008]; *Yisrael v City of New York*, 38 AD3d 647, 648 [2007]). Concur—Tom, J.P., Andrias, Saxe, McGuire and Manzanet-Daniels, JJ.