■ JOSEPH W. POWERS, Respondent, v 31 E 31 LLC et al., Appellants. [998 NYS2d 23]—

Upon remittitur from the Court of Appeals for consideration of the issues raised but not determined on appeal to this Court, order, Supreme Court, New York County (Anil C. Singh, J.), entered December 24, 2012, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In the early morning hours of August 23, 2008, plaintiff was injured when, while intoxicated, he landed in the bottom of an air shaft after falling off a setback roof of a building owned and managed by defendants. The setback roof, which ran the length of the rear of the building, was five feet wide and accessible through a window of the second-floor apartment of plaintiff's friend. Although most of the setback abutted either a wall or a setback roof of the adjacent building, a portion of it abutted a 25-foot-deep air shaft. There was no railing, fence or parapet wall around the perimeter of the air shaft, whose opening measured approximately six feet, four inches by eight feet, five inches.

On a prior appeal, we granted defendant's motion for summary judgment, which had been denied by Supreme Court (105 AD3d 657 [2013]). We dismissed plaintiff's common-law claims on the ground that the accident was unforeseeable as a matter of law.

We dismissed plaintiff's statutory claims on the ground that "defendants demonstrated that the building, constructed as a loft in 1909 and converted to multiple dwelling in 1979, was grandfathered out of the 1968 and 2008 Building Codes by submission of the 1979 Certificate of Occupancy," and plaintiff failed to adduce any evidence in opposition that would create an

issue of fact (105 AD3d at 657-658). The Court of Appeals reversed our order and remitted the case to this Court "for consideration of issues raised but not determined" (24 NY3d 84, 95 [2014]).

As an alternative ground for summary judgment, defendants argue that they cannot be held liable because the alleged hazard was an open and obvious condition that was not inherently dangerous (see e.g. Boyd v New York City Hous. Auth., 105 AD3d 542 [1st Dept 2013], lv denied 22 NY3d 855 [2013]; Schulman v Old Navy/Gap, Inc., 45 AD3d 475 [1st Dept 2007]).

"[E]ven if a hazard qualifies as 'open and obvious' as a matter of law, that characteristic merely eliminates the property owner's duty to warn of the hazard, but does not eliminate the broader duty to maintain the premises in a reasonably safe condition" (Westbrook v WR Activities-Cabrera Mkts., 5 AD3d 69, 70 [1st Dept 2004]). However, "a court is not 'precluded from granting summary judgment to a landowner on the ground that the condition complained of by the plaintiff was both open and obvious and, as a matter of law, was not inherently dangerous' " (Burke v Canyon Rd. Rest., 60 AD3d 558, 559 [1st Dept 2009], quoting Cupo v Karfunkel, 1 AD3d 48, 52 [2d Dept 2003]; see e.g. Samantha R. v New York City Hous. Auth., 117 AD3d 600 [1st Dept 2014], lv denied 24 NY3d 904 [2014]; Gonzalez v Dong Yun Corp., 110 AD3d 484 [1st Dept 2013]).

To establish an open and obvious condition, a defendant must prove that the hazard "could not reasonably be overlooked by anyone in the area whose eyes were open" (Westbrook, 5 AD3d at 72; see also Langer v 116 Lexington Ave., Inc., 92 AD3d 597 [1st Dept 2012], lv denied 24 NY3d 907 [2014]). However, "even visible hazards do not necessarily qualify as open and obvious" because the "nature or location of some hazards, while they are technically visible, make them likely to be overlooked" (Westbrook, 5 AD3d at 72). The burden is on the defendant to demonstrate, as a matter of law, that the condition that caused the plaintiff to sustain injury was readily observable by the plaintiff employing the reasonable use of his senses (see e.g. Buccino v City of New York, 84 AD3d 670, 670 [1st Dept 2011]). Furthermore, "whether a condition is not inherently dangerous, or constitutes a reasonably safe environment, depends on the totality of the specific facts of each case" (Russo v Home Goods, Inc., 119 AD3d 924, 925-926 [2d Dept 2014]).

Viewing the evidence in the light most favorable to plaintiff, we find that a triable issue of fact exists whether the unguarded opening from the setback roof to the air shaft was an open and obvious condition that was not inherently dangerous. Plaintiff

asserts that, at night, guests climbing out of the window and onto the setback roof could not see the air shaft or appreciate the drop. One of plaintiff's companions testified that she did not notice the air shaft the first time that she went out on the setback. Most of the setback was adjacent to either the wall or the roof of the adjacent building, and only that small portion where plaintiff fell, next to the air shaft, was completely open to the surface below. There is also conflicting testimony as to the available lighting.

Defendants next argue that plaintiff's extraordinary act of climbing through the window and walking back out onto the setback ledge at night while intoxicated was the superseding or sole proximate cause of the accident. We reject this argument.

"An intervening act will be deemed a superseding cause and will serve to relieve defendant of liability when the act is of such an extraordinary nature or so attenuates defendant's negligence from the ultimate injury that responsibility for the injury may not be reasonably attributed to the defendant" (*Kush v City of Buffalo*, 59 NY2d 26, 33 [1983]). "[L]iability turns upon whether the intervening act is a normal or foreseeable consequence of the situation created by the defendant's negligence" (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]). To establish that a plaintiff's conduct was the sole proximate cause of his or her injuries, a defendant must show that the plaintiff engaged in reckless, unforeseeable or extraordinary conduct, i.e. that the plaintiff recognized the danger and chose to disregard it (*see Alvarez v Colgate Scaffolding & Equip. Corp.*, 68 AD3d 583, 584-585 [1st Dept 2009]; *Brown v Metropolitan Tr. Auth.*, 281 AD2d 159 [1st Dept 2001]).

On the record before us, defendants have not established as a matter of law that plaintiff's act of walking out onto the setback roof was a superseding or intervening cause that severed the causal connection between his injuries and any negligence on their part. Plaintiff had never been to the building before the night in question, and defendants did not establish that plaintiff either knew, or should have known, that his conduct was dangerous, notwithstanding that he apparently fell during his second trip onto the setback roof. The fact that plaintiff was legally intoxicated does not alone render his actions a superseding cause (*see Butler v Seitelman*, 90 NY2d 987 [1997]; *Torelli v City of New York*, 176 AD2d 119 [1st Dept 1991], *lv denied* 79 NY2d 754 [1992]; *see also Canela v Audobon Gardens Realty Corp.*, 304 AD2d 702 [2d Dept 2003], *lv dismissed* 2 NY3d 759 [2004]).

Defendants argue that plaintiff cannot make out a case of

proximate cause because the accident was unwitnessed, and plaintiff does not recall what happened, and thus there can be no showing that a parapet or railing would have prevented the accident. However, plaintiff need not exclude every possible cause of his fall other than the premises defects alleged (*see Reed v Piran Realty Corp.*, 30 AD3d 319 [1st Dept 2006], *lv denied* 8 NY3d 801 [2007]). Regardless of whether plaintiff slipped, tripped, or fell, an issue of fact exists whether his fall down into the air shaft was, at least in part, attributable to the fact that the setback roof was open to the unguarded shaft.

The cases cited by defendant are inapposite; they present fact patterns in which there was compelling evidence of other non-negligent causes of the accident, making any finding as to cause against the defendants in those cases pure speculation (*see e.g. Jennings v 1704 Realty, L.L.C.*, 39 AD3d 392 [1st Dept 2007] [dismissal warranted where plaintiff could not recall his fall down an elevator shaft, and witnesses observed his unforeseeable act of manually opening the elevator's door to jump out]; *McNally v Sabban*, 32 AD3d 340 [1st Dept 2006] [no triable issue as to causation, given plaintiff's drinking history and recurring falls and the lack of evidence of record that any of the alleged code violations caused plaintiff's fall]). Here, the Court of Appeals has found that reasonable minds could differ as to whether plaintiff's use of the roof and his resulting fall were foreseeable, and that defendants failed to demonstrate, as a matter of law, that the setback roof fully complied with all code mandates on the date of its issuance or the day of the accident (24 NY3d 84, 2014 NY Slip Op 07084 [2014]). Concur—Andrias, J.P., Saxe, DeGrasse, Richter and Gische, JJ.