Matos v Azure Holdings II, L.P. (2020 NY Slip Op 01441)





Matos v Azure Holdings II, L.P.


2020 NY Slip Op 01441


Decided on March 3, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2020

Acosta, P.J., Kapnick, Moulton, González, JJ.


11055 20635/15E

[*1] Eli Matos, Plaintiff-Appellant,
v
Azure Holdings II, L.P., et al., Defendants-Respondents.


Hasapidis Law Offices, Scarsdale (Annette G. Hasapidis of counsel), for appellant.
Lawrence, Worden, Rainis & Bard, P.D., Melville (Michael E. Shay of counsel), for respondents.



Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered January 18, 2019, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff alleges that he slipped and fell while stepping out of a combined bathtub/shower in his apartment after taking a shower. He claims that the wet and slippery condition of the floor was the result of the failure of defendants, his landlord and the landlord's property manager, to repair the brackets that held the shower curtain rod.
To be entitled to summary judgment, a property owner is required to establish that it maintained its premises in a reasonably safe manner and that it did not create a dangerous condition that posed a foreseeable risk of injury to individuals expected to be present on the property (see Westbrook v WR Activities-Cabrera Mkts., 5 AD3d 69, 71 [1st Dept 2004]). Supreme Court erred in granting summary judgment to defendants on the basis that plaintiff failed to identify the condition of water on the floor before he slipped and fell. Supreme Court incorrectly found that any conclusion that plaintiff slipped and fell because of water accumulation would be based on speculation. Plaintiff argues correctly that, even if in his deposition testimony he did not explicitly state that he noticed water on the floor before he stepped out of the shower, a jury could reasonably infer that he slipped and fell on water on the floor due to the absence of a shower curtain (see Schneider v Kings Hwy. Hosp. Ctr., 67 NY2d 743 [1986]). Defendants' proof failed to negate this reasonable inference (see Haibi v 790 Riverside Dr. Owners, Inc., 156 AD3d 144, 147 [1st Dept 2017]; Cesar Ivan A. v Lolita Child Day Care, 98 AD3d 697 [2d Dept 2012]).
Supreme Court also erred in granting summary judgment to defendants on the basis that the water accumulation was an open and obvious condition that was not inherently dangerous. "[E]ven if a hazard qualifies as open and obvious' as a matter of law, that characteristic merely eliminates the property owner's duty to warn of the hazard, but does not eliminate the broader duty to maintain the premises in a reasonably safe condition" (Powers v 31 E 31 LLC, 123 AD3d 421, 422 [1st Dept 2014], quoting Westbrook, 5 AD3d at 70).
On this appeal, defendants themselves concede that whether a condition is open and obvious is generally relevant to the issue of plaintiff's comparative negligence, unless the condition is not inherently dangerous, in which case dismissal is appropriate. Whether a condition is not inherently dangerous usually depends on "the totality of the specific facts of each case" (Powers, 123 AD3d at 422 [internal quotation marks omitted]; see also Westbrook, 5 AD3d at 76). Defendants argue that the broken brackets were not an inherently dangerous condition but rather a benign condition. However, as plaintiff correctly observes, the purpose of the shower brackets was to hold up the shower curtain, and the purpose of a shower curtain is to prevent the accumulation of water when the shower is in use.
Thus, summary judgment should have been denied because issues of fact exist as to whether plaintiff's fall was caused by the condition of water accumulation and, if so, whether it [*2]was a hazardous condition attributable to the absence of a shower curtain that was the result of defendants' negligence in failing to timely repair the brackets. The issue of comparative fault is for the trier of fact to consider.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 3, 2020
CLERK