Desroches v Heritage Bldrs. Group, LLC (2020 NY Slip Op 05992)





Desroches v Heritage Bldrs. Group, LLC


2020 NY Slip Op 05992


Decided on October 22, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 22, 2020

529295

[*1]Michael R. Desroches, Appellant,
v
Heritage Builders Group, LLC, et al., Respondents.

Calendar Date: September 10, 2020

Before: Garry, P.J., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.


Law Office of Gerard V. Amedio, PC, Saratoga Springs (Gerard V. Amedio of counsel), for appellant.
Napierski, VanDenburgh, Napierski & O'Connor, LLP, Albany (Shawn F. Brousseau of counsel), for respondents.



Lynch, J.
Appeal from an order of the Supreme Court (Nolan Jr., J.), entered February 25, 2019 in Saratoga County, which, among other things, granted defendants' motion for summary judgment dismissing the complaint.
In July 2015, plaintiff and his friend, Daniel O'Grady, visited Daniel O'Grady's brother, Ryan O'Grady, who resided in the Timber Creek subdivision in the Town of Ballston Spa, Saratoga County. The group socialized throughout the evening and consumed alcoholic beverages. After midnight, they went for a walk in the neighborhood and eventually decided to enter one of the houses still under construction. When Daniel O'Grady entered the house, followed by plaintiff and Ryan O'Grady, he observed an opening in the floor that was located between 10 to 15 feet from the entrance and stepped to the side. Unfortunately, plaintiff proceeded forward and fell through the opening approximately 8 or 10 feet into an unfinished basement, sustaining head injuries that required hospitalization.
Plaintiff commenced this action against defendants — the owner/developer of the subdivision and the general contractor — alleging that defendants were negligent in failing to maintain the premises in a safe condition in that they did not secure the house, post "no trespassing" signs to prevent entry or cover the floor opening. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint on the basis that plaintiff's presence on the property was not foreseeable due to his extreme intoxication and trespass. Plaintiff cross-moved for summary judgment on the issue of liability, arguing that the accident was foreseeable as defendants had prior knowledge of individuals trespassing on similar homes in the subdivision. Supreme Court granted defendants' motion and denied plaintiff's cross motion, finding that "plaintiff's actions in entering this under construction unfinished structure at 3:00 a.m. while he was intoxicated was not reasonably foreseeable as a matter of law, and thus defendants owed no duty of care to [him]." Plaintiff appeals.
"A landowner must act as a reasonable person in maintaining his or her property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (Peralta v Henriquez, 100 NY2d 139, 144 [2003] [internal quotation marks, brackets and citations omitted]; accord Basso v Miller, 40 NY2d 233, 241 [1976]; Taylor v Lands End Realty Corp., 93 AD3d 1062, 1063 [2012]). "The fact that [a] plaintiff enter[s] without permission . . . may well demonstrate that the plaintiff's presence was not foreseeable at the time and place of the injury. However[,] the likelihood of one entering without permission depends on the facts of the case[,] including the location of the property in relation to populated areas, its accessibility and whether there have been any prior incidents of trespassing in the area where the injury occurred" (Scurti v City of New York, 40 NY2d 433, 442 [1976] [internal citation omitted]; accord Elwood v Alpha Sigma Phi, Iota Ch. of Alpha Sigma Phi Fraternity, Inc., 62 AD3d 1074, 1076 [2009], lv denied 13 NY3d 711 [2009]). "Notably, what accidents are reasonably foreseeable, and what preventive measure should reasonably be taken, are ordinarily questions of fact. Questions of foreseeability may be determined as a matter of law only when a single inference can be drawn from the undisputed facts" (Perrelli v Orlow, 273 AD2d 533, 534 [2000] [internal quotation marks, brackets and citations omitted]; see Prusky v McCarty, 126 AD3d 1171, 1171 [2015]).
In their respective depositions, plaintiff, Daniel O'Grady and Ryan O'Grady confirmed that they had been drinking and, according to Daniel O'Grady, were all intoxicated. Notably, plaintiff did not have any recollection of the actual incident, and it is unclear whether his memory lapse was due to his head injury or the fact he was intoxicated that evening (see generally PJI 1:62). Ryan O'Grady testified that it was probably his or Daniel O'Grady's idea to go into the house. Ryan O'Grady explained that he would often walk through the new construction sites, as it was a "common thing to do," and he would "[a]lways see people walking around, going through the houses." He stated that they entered the property sometime at or around 3:00 a.m. According to Ryan O'Grady, the property was framed, but without a back wall and with the door "wide open." He recalled that Daniel O'Grady was the first to enter the house, followed by plaintiff. Once inside, Daniel O'Grady immediately walked around the floor opening, which was located where the basement stairs would be placed. As he entered the house, Ryan O'Grady observed the opening and then saw plaintiff fall through. Ryan O'Grady further testified that the builder's agents were sometimes present when people were going through houses during the evenings. He had no knowledge of the builders escorting people off the property. When shown photos of the house depicting "sold" and "private property, no trespassing" signs, Ryan O'Grady stated that the photos did indeed depict the property in question, but that the signs were not there at the time of the incident and were installed days later.
Although Daniel O'Grady acknowledged that he, Ryan O'Grady and plaintiff were intoxicated, he did not observe plaintiff have any difficulty walking. Daniel O'Grady confirmed that he was the first to walk through the front door, explaining it was unlocked with no doorknob or other locking mechanism. As he walked in, assisted with the light from his phone, Daniel O'Grady noticed the floor opening and walked to the left. He claimed the opening was not covered by anything and was located approximately 10 to 15 feet from the entrance. The next thing he knew, Ryan O'Grady called him to assist with helping plaintiff, who had fallen through the hole.
Geoffrey Brooks — the owner of Brooks Heritage, LLC, which co-owns defendant Heritage Custom Builders, LLC — testified that the property where the accident occurred was part of a development that was under construction, known as Timber Creek. Brooks claimed that he learned about the incident from state troopers. He explained that the property was "forcibly entered" and that someone broke the doorjamb. He could not, however, recall the last time he was present at the property prior to the incident. Brooks also explained that his company has a policy prohibiting purchasers from entering a home under construction without a company representative and that site managers post no trespassing signs on homes under construction. He testified that he was aware of individuals entering into homes under construction because he had contacted the Sheriff's Department and State Police "many times a month" to report such activity. He stated that there were problems "keeping the security of the site" and therefore he posted no trespassing signs and filed police reports. He did not personally know when a no trespassing sign was placed on the window of the subject property.
In support of their motion for summary judgment, defendants presented the affirmation of a physician who opined that plaintiff was "extremely intoxicated" at the time he fell. The physician averred that the medical records indicated that plaintiff had a blood alcohol level of .31%, which is nearly four times the legal blood alcohol content limit for driving. According to the physician, such a level of intoxication results in "difficulty maintaining balance, impaired vision and time [and] space orientation, poor judgment, and severe difficulty with motor functions."
Viewing this evidence in the light most favorable to plaintiff, the nonmoving party (see Lathers v Denero, 155 AD3d 1174, 1175 [2017]), we find, contrary to Supreme Court's determination, that a triable issue of fact exists as to whether plaintiff's presence on the property was foreseeable. The testimony of both Ryan O'Grady and Brooks confirmed that it was common knowledge that people would routinely walk through houses still under construction. On this record, reasonable persons could disagree as to whether it was foreseeable for plaintiff to be on the subject property and whether defendants reasonably secured the property, thereby precluding summary judgment to defendants on this ground (see Powers v 31 E 31 LLC, 24 NY3d 84, 95 [2014]; Stiggins v Town of N. Dansville, 155 AD3d 1617, 1618 [2017]; Salim v Western Regional Off-Track Betting Corp., Batavia Downs, 100 AD3d 1370, 1371-1372 [2012]; compare Elwood v Alpha Sigma Phi, Iota Ch. of Alpha Sigma Phi Fraternity, Inc., 62 AD3d at 1076; Hendricks v Lee's Family, 301 AD2d 1013, 1013 [2003]).
Defendants further contend that plaintiff's intoxication and late night trespass served as a superseding cause of the incident. We disagree. "An intervening act will be deemed a superseding cause and will serve to relieve [a] defendant of liability when the act is of such an extraordinary nature or so attenuates [the] defendant's negligence from the ultimate injury that responsibility for the injury may not be reasonably attributed to the defendant" (Kush v City of Buffalo, 59 NY2d 26, 33 [1983]; see Carson v Dudley, 25 AD3d 983, 984 [2006]). Here, plaintiff had never been to the property before, and defendants did not establish that he either knew or should have known that such conduct was dangerous (see Powers v 31 E 31 LLC, 123 AD3d 421, 423 [2014]; compare Barry v Chelsea Yacht Club of Chelsea on Hudson, 15 AD3d 323, 324 [2005]). Further, there are triable issues of fact as to whether there was a no trespassing sign on the property, whether the property was properly secured to prevent entry and even whether the floor opening was covered. Although defendants' expert opined that plaintiff was extremely intoxicated when he entered the property, Daniel O'Grady did not observe plaintiff having any difficulty walking. Plaintiff's alcohol impairment may well have played a significant role in plaintiff's accident for comparative fault purposes, but that fact does not exonerate defendants from liability as a matter of law (see Soto v New York City Tr. Auth., 6 NY3d 487, 492-493 [2006]; Humphrey v State of New York, 60 NY2d 742, 744 [1983]). In our view, the circumstances presented were not so extraordinary or unforeseeable as to constitute, as a matter of law, a superseding event that would sever the causal connection between defendants' alleged negligence and plaintiff's injuries (see Butler v Seitelman, 90 NY2d 987, 989 [1997]). Based on the foregoing, we find that Supreme Court erred in awarding summary judgment to defendants.
Garry, P.J., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion for summary judgment; said motion denied; and, as so modified, affirmed.