Hutchison v Estate of Kursh (2021 NY Slip Op 05666)





Hutchison v Estate of Kursh


2021 NY Slip Op 05666


Decided on October 19, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 19, 2021

Before: Gische, J.P., Webber, Mazzarelli, Moulton, Pitt, JJ. 


Index No. 153499/18 Appeal No. 14411 Case No. 2021-00193 

[*1]Heather Hutchison, Plaintiff-Respondent,
v
Estate of Stephen O. Kursh Also Known as Stephen Kursh, etc., Defendant-Appellant.


Hickey Smith Dodd, New York (Mark S. Grodberg of counsel), for appellant.
Godosky & Gentile, P.C., New York (Emily Kern of counsel), for respondent.



Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered on or about October 5, 2020, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The court properly found that there was an issue of fact as to whether the condition of the loft was hazardous and whether plaintiff was injured as a result of the unsafe condition. While statements contained in plaintiff's medical records present issues as to her credibility, her deposition testimony was sufficient to raise a triable issue of fact as to how the accident occurred (see Alvarez v New York City Hous. Auth., 295 AD2d 225, 226 [1st Dept 2002]). The deposition testimony pre-dated defendant's motion for summary judgment and there is no evidence that it was motivated by the desire to avoid summary judgment. Moreover, plaintiff's deposition testimony is not incredible as a matter of law, manifestly untrue, or impossible to believe.
Defendant contends that it is not liable for plaintiff's fall because the condition of the loft area was open and obvious. However, an open and obvious condition does not foreclose a landlord's liability in negligence, because the landlord has a duty to ensure that its premises are maintained in a reasonably safe condition (see Matos v Azure Holdings II, L.P., 181 AD3d 406 [1st Dept 2020]; Powers v 31 E 31, LLC,123 AD3d 421 [1st Dept 2014]).
We have considered defendant's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 19, 2021