Reilly v Patchogue Props., Inc. (2022 NY Slip Op 01334)





Reilly v Patchogue Props., Inc.


2022 NY Slip Op 01334


Decided on March 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2018-03065
 (Index No. 34556/12)

[*1]Brian Reilly, plaintiff-appellant-respondent,
v
Patchogue Properties, Inc., defendant third-party plaintiff-respondent-appellant; Matthew Hansen, third-party defendant-appellant-respondent.


Alonso Krangle, LLP (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren E. Bryant], of counsel), for plaintiff-appellant-respondent.
Bennett Bricklin & Saltzburg LLC, New York, NY (Joseph DeDonato of counsel), for third-party defendant-appellant-respondent.
Miranda Sambursky Slone Sklarin Verveniotis LLP (Mauro Lilling Naparty LLP, Woodbury, NY [Matthew W. Naparty, Seth M. Weinberg, and Anthony F. Destefano], of counsel), for defendant third-party plaintiff-respondent-appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff and the third-party defendant separately appeal, and the defendant third-party plaintiff cross-appeals, from an order of the Supreme Court, Suffolk County (Peter H. Mayer, J.), dated January 10, 2018. The order, insofar as appealed from by the plaintiff, granted that branch of the defendant third-party plaintiff's motion which was for summary judgment dismissing the complaint. The order, insofar as appealed from by the third-party defendant, denied, as academic, his motion for summary judgment dismissing the third-party complaint. The order, insofar as cross-appealed from, sua sponte, directed dismissal of the third-party complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, that branch of the defendant third-party plaintiff's motion which was for summary judgment dismissing the complaint is denied, and the third-party defendant's motion for summary judgment dismissing the third-party complaint is granted; and it is further,
ORDERED that the cross appeal is dismissed, as no appeal lies as of right from an order that does not decide a motion made on notice (see CPLR 5701[a][2]), and we decline to grant leave to appeal, as the cross appeal has been rendered academic in light of our determination of the appeal by the third-party defendant; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff and the third-party defendant.
The plaintiff was a guest at a daytime party hosted by the third-party defendant, Matthew Hansen (hereinafter Hansen), at the Patchogue Shores Community Center (hereinafter the Community Center). The Community Center is owned by the defendant third-party plaintiff, Patchogue Properties, Inc. (hereinafter PPI), a corporation that owns, manages and maintains the common areas of the Patchogue Shores community. Hanson, a member of the community, rented the Community Center for the event.
An adjoining beach area and bulkhead extending into the Great South Bay, which were also owned and maintained by PPI, were accessible to users of the Community Center. During the party, the plaintiff entered the beach area and dove headfirst off the bulkhead. The waters of the Great South Bay were shallow in that area, and the plaintiff sustained severe personal injuries as a result of his dive.
The plaintiff subsequently commenced this personal injury action against PPI, alleging, inter alia, that PPI was negligent in failing to erect "no diving" signs or depth markers, or to otherwise warn of the existence of shallow water. PPI commenced a third-party action against Hansen, asserting causes of action for contractual indemnification, common-law indemnification, and contribution.
Following the completion of discovery, Hansen moved for summary judgment dismissing the third-party complaint. PPI separately moved, inter alia, for summary judgment dismissing the complaint. In an order dated January 10, 2018, the Supreme Court granted that branch of PPI's motion which was for summary judgment dismissing the complaint, directed dismissal of the third-party complaint in light of its dismissal of the plaintiff's complaint, and denied, as academic, Hansen's motion for summary judgment dismissing the third-party complaint. The plaintiff and Hansen appeal.
Contrary to the Supreme Court's conclusion, PPI did not demonstrate its prima facie entitlement to judgment as a matter of law dismissing the complaint on the basis that the plaintiff's conduct was the sole proximate cause of his injuries or constituted an unforeseeable, superseding event absolving PPI of liability. According to the deposition testimony and other evidence submitted by PPI, the water surrounding the bulkhead was murky, obscuring its depth, and the plaintiff was unfamiliar with the area, as the day of the accident was his first time on the subject beach and bulkhead. The plaintiff testified that he believed the waters to be deep in the area in which he dove because the bulkhead was adjacent to a boating channel, it extended approximately 40 feet into the bay from the beach, and he had seen people swimming earlier in the day. Under all of these circumstances, it cannot be said as a matter of law that the plaintiff knew or should have known that he was diving into shallow waters, and thus, that his conduct constituted the sole proximate cause of the accident or an unforeseeable superseding event sufficient to absolve PPI of liability (see Ziecker v Town of Orchard Park, 75 NY2d 761, 762-763; Kriz v Schum, 75 NY2d 25; Mason v Anderson, 300 AD2d 551, 552). Moreover, PPI did not demonstrate, as a matter of law, that the plaintiff's blood alcohol level was the sole proximate cause, or a superseding cause, of the accident (see Soto v New York City Tr. Auth., 6 NY3d 487, 492; Humphrey v State of New York, 60 NY2d 742, 744; Desroches v Heritage Bldrs. Group, LLC, 187 AD3d 1369). Accordingly, the Supreme Court should have denied that branch of PPI's motion which was for summary judgment dismissing the complaint.
In light of the foregoing, Hansen's motion for summary judgment dismissing the third-party complaint was not, as the Supreme Court concluded, academic. Since the merits of Hansen's motion were litigated by the parties in the Supreme Court and briefed by the parties in this Court, we address the motion in the interest of judicial economy (see Poalacin v Mall Props., Inc., 155 AD3d 900, 909-910; Bonafede v Bonito, 145 AD3d 842, 843-844).
Hansen established his prima facie entitlement to judgment as a matter of law dismissing the third-party causes of action for common-law indemnification and contribution by establishing that, contrary to PPI's allegations, he did not breach any duty to the plaintiff (see Guerra [*2]v St. Catherine of Sienna, 79 AD3d 808, 809). In opposition, PPI failed to raise a triable issue of fact.
Hanson also established his prima facie entitlement to judgment as a matter of law dismissing the third-party cause of action for contractual indemnification. "When a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed" (Hooper Assoc. v AGS Computers, 74 NY2d 487, 491). "The promise should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances" (id. at 491-492). Particularly with agreements to indemnify, "[a]lthough the words might 'seem to admit of a larger sense, . . . they should be restrained to the particular occasion and to the particular object which the parties had in view'" (id. at 491, quoting Robertson v Ongley Elec. Co., 146 NY 20, 23).
Here, the indemnification provision on which PPI relies is contained in the agreement Hanson signed to rent the Community Center for a party. Hanson demonstrated, prima facie, that a promise on his part to indemnify PPI for its alleged negligence in relation to its ownership and maintenance of the beach area and bulkhead cannot be "clearly implied from the language and purpose of [that] entire agreement and the surrounding facts and circumstances" (Hooper Assoc. v AGS Computers, 74 NY2d at 491-492; see Tafolla v Aldrich Mgt. Co., LLC, 136 AD3d 1019, 1021). In opposition, PPI failed to raise a triable issue of fact.
Accordingly, we reverse the order insofar as appealed from by Hanson and grant his motion for summary judgment dismissing the third-party complaint.
IANNACCI, J.P., RIVERA, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court