M & R Real Estate, LLC v Islip Apt. Corp. (2025 NY Slip Op 04778)

M & R Real Estate, LLC v Islip Apt. Corp.

2025 NY Slip Op 04778

Decided on August 27, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2021-02103
 (Index No. 11193/14)

[*1]M & R Real Estate, LLC, etc., plaintiff, 
v
Islip Apartment Corp., et al., defendants, Milkathy Corp., defendant third-party plaintiff-appellant; AFCO Precast Corp., et al., third-party defendants- respondents, et al., third-party defendants.

Robert Dembia, P.C., New York, NY, for defendant third-party plaintiff-appellant.
Ackerman, Pachman, Brown, Goldstein & Margolin, East Hampton, NY (Linda U. Margolin of counsel), for third-party defendants-respondents.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that the plaintiff is the owner of certain real property by virtue of adverse possession, the defendant third-party plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Joseph Farneti, J.), entered January 21, 2021. The judgment, upon an order of the same court dated June 25, 2020, among other things, granting that branch of the motion of the third-party defendants AFCO Precast Corp., AFCO Precast Sales Corp., and Robert Affenita which was pursuant to CPLR 3211(a) to dismiss the amended third-party complaint insofar as asserted against them, is in favor of those third-party defendants and against the defendant third-party plaintiff, in effect, dismissing the amended third-party complaint insofar as asserted against them.
ORDERED that the judgment is affirmed, with costs.
In June 2014, the plaintiff, M & R Real Estate, LLC (hereinafter M & R), commenced this action (hereinafter the main action) against the defendant third-party plaintiff, Milkathy Corp. (hereinafter Milkathy), among others. In the complaint, M & R sought a judgment declaring that it was the lawful owner of certain real property located in Bohemia (hereinafter the disputed property) by virtue of adverse possession. M & R alleged, inter alia, that it had exclusively utilized the disputed property since 1985. Milkathy interposed an answer to the complaint. In November 2015, Milkathy commenced a third-party action against AFCO Precast Corp. (hereinafter AFCO) and AFCO Precast Sales Corp., among others, asserting, inter alia, a cause of action for contractual indemnification. Milkathy subsequently amended the third-party complaint to add Robert Affenita as a third-party defendant. In the amended third-party complaint, Milkathy alleged, in effect, that at some unstated point in time, it leased certain real property, including but not limited to the disputed property, to Affenita and AFCO. According to Milkathy, the pertinent lease agreement contained a provision whereby Affenita and AFCO agreed to indemnify Milkathy "for any costs, expenses, and/or liability" resulting from their use of the disputed property. In light of that provision, Milkathy asserted that Affenita and AFCO were obligated to indemnify it in relation to the main action.
In or around December 2016, AFCO, AFCO Precast Sales Corp., and Affenita (hereinafter collectively the third-party defendants) moved, inter alia, pursuant to CPLR 3211(a) to dismiss the amended third-party complaint insofar as asserted against them. In support of their motion, the third-party defendants submitted a copy of a lease agreement between Milkathy, as landlord, and AFCO, as tenant, which Milkathy produced during discovery as the purported basis for the third-party cause of action for contractual indemnification. The third-party defendants argued that the indemnification provision in the lease agreement was not triggered by the declaratory judgment cause of action insofar as asserted against Milkathy in the main action.
In an order dated June 25, 2020, the Supreme Court, among other things, granted that branch of the third-party defendants' motion which was pursuant to CPLR 3211(a) to dismiss the amended third-party complaint insofar as asserted against them. The court thereafter entered a judgment in favor of the third-party defendants and against Milkathy, in effect, dismissing the amended third-party complaint insofar as asserted against them. Milkathy appeals.
"A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) on the ground that a defense is founded on documentary evidence may be appropriately granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Bonavita v Government Empls. Ins. Co., 185 AD3d 892, 893). "Documents that qualify as documentary evidence include judicial records, mortgages, deeds, and contracts" (Vasquez v Kennedy, 221 AD3d 936, 937 [internal quotation marks omitted]). Moreover, "[t]he right to contractual indemnification depends upon the specific language of the contract" (Zapototsky v Ascape Landscape & Constr. Corp., 221 AD3d 1055, 1056 [internal quotation marks omitted]; see Cedillo v Nautilus Realty Ltd. Partnership, 219 AD3d 1300, 1301). "The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances" (Guiles v Vassar Bros. Hosp., 221 AD3d 666, 667 [internal quotation marks omitted]; see Chapa v Bayles Props., Inc., 221 AD3d 855, 857). "When a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed" (Tonking v Port Auth. of N.Y. & N.J., 3 NY3d 486, 490 [alteration and internal quotation marks omitted]).
Here, the Supreme Court properly granted that branch of the third-party defendants' motion which was pursuant to CPLR 3211(a) to dismiss the amended third-party complaint insofar as asserted against them. The express language of the lease agreement conclusively disposed of the third-party cause of action for contractual indemnification (see Vasquez v Kennedy, 221 AD3d at 938; Cassese v SVJ Joralemon, LLC, 168 AD3d 667, 669). Contrary to Milkathy's contention, the indemnification provision, even when considered in conjunction with the surrounding circumstances, did not clearly imply an intention for any of the third-party defendants to indemnify Milkathy in relation to the type of relief sought against it in the main action (see Tonking v Port Auth. of N.Y. & N.J., 3 NY3d at 490; Reilly v Patchogue Properties, Inc., 203 AD3d 765, 768).
In light of our determination, we need not reach the third-party defendants' remaining contentions.
CHAMBERS, J.P., BRATHWAITE NELSON, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court