Sanchez v 562 Thieriot Ave, LLC (2025 NY Slip Op 05654)

Sanchez v 562 Thieriot Ave, LLC

2025 NY Slip Op 05654

Decided on October 14, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 14, 2025

Before: Webber, J.P., Mendez, Pitt-Burke, Higgitt, O'Neill Levy, JJ. 

Index No. 808455/21|Appeal No. 4845|Case No. 2024-07203|

[*1]Rafael Sanchez, Plaintiff-Respondent,
v
1562 Thieriot Ave, LLC, et al., Defendants-Appellants.

Chartwell Law, New York (Michael T. Gleason of counsel), for appellants.
Raskin & Kremins LLP, New York (Michael F. Kremins of counsel), for respondent.

Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered November 19, 2024, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted in its entirety. The Clerk is directed to enter judgment accordingly.
Plaintiff alleges that while showering in his bathtub, he slipped and fell on paint chips. According to plaintiff, defendants' painting of the bathtub resulted in chipped paint, creating a dangerous condition which caused him to slip and fall in the bathtub.
"To be entitled to summary judgment, a property owner is required to establish that it maintained its premises in a reasonably safe manner and that it did not create a dangerous condition that posed a foreseeable risk of injury to individuals expected to be present on the property" (Matos v Azure Holdings II, L.P., 181 AD3d 406, 406 [1st Dept 2020]). Further, the creation, or actual or constructive notice of the defective conditions are necessary for plaintiff to establish a prima faciecase of premises liability (Smith v Costco Wholesale Corp., 50 AD3d 499, 500 [1st Dept 2008]; see Branham v Loews Orpheum Cinemas, Inc., 8 NY3d 931 [2007]; Rivera v 2160 Realty Co. L.L.C., 4 NY3d 837 [2005]).
Here, defendants established that they neither created nor had notice of chipped paint in plaintiff's bathtub. Defendants offered evidence that a nonparty contractor reglazed the bathtub in November 2018, over two years prior to plaintiff's accident in March 2021. The work ticket dated November 28, 2018 states that American Standard reglazed the tub. The ticket does not say anything about paint chipping or any follow-up work. The building's superintendent averred that he never painted the bathtub and never received any complaints from plaintiff concerning chipped paint in the bathtub.
Contrary to plaintiff's opposition to the motion, his deposition testimony did not create an issue of fact as to whether defendants created or had notice of the chipped paint. In his first deposition, plaintiff stated that he complained to the superintendent one year before the accident, and the superintendent painted the bathtub in response. At first plaintiff testified that after the paint started chipping again, he complained to the superintendent. However, plaintiff later testified that he did not make any complaints after the superintendent painted the tub before the accident.
In his second deposition, plaintiff stated that he could not recall when he first complained of the condition but stated that he did so "several times." Plaintiff then stated that he complained twice before the accident, but did not remember when. Plaintiff later testified that he made his second complaint three weeks after the accident. When asked to clarify, plaintiff stated that he made the second complaint "[a]t least a month before" the accident. When asked to finally clarify if at any time after the bathtub was painted to the time of the accident, he made any complaints, plaintiff stated "no." Plaintiff's testimonythat he didnot make any complaints concerning the bathtub after it was reglazed in 2018 was consistent with the superintendent's averment, as well as the overall evidence in the case. As such, there are no issues of fact to be submitted to a jury (see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838 [1986]).
Given plaintiff's failure to adduce sufficient evidence that shows defendants created or had notice of the chipped paint, Supreme Court should have granted defendants' motion for summary judgment dismissing the complaint (see Branham, 8 NY3d at 932).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2025